UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60586-CIV-COHN/SELTZER

LYNETTE GIBBS,

      Plaintiff,

v.

PALM BEACH CREDIT ADJUSTORS, INC.
d/b/a FOCUS FINANCIAL SERVICES,

      Defendant.

_____/

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Summary Judgment as to Liability [DE 18] ("Motion"). The Court has reviewed the Motion and the record in this case, and is otherwise advised in the premises.

## I.   BACKGROUND

This case is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. Plaintiff Lynette Gibbs contends that Defendant Palm Beach Credit Adjustors, Inc. sent her a debt-collection letter listing several amounts owed totaling $3,198.00. However, the letter concluded by demanding payment for only $458.00. Plaintiff contends that this letter was confusing and misleading, and thus violated portions of 15 U.S.C. § 1692(e), which prohibits false or misleading representations in connection with collection of a debt. In the Motion, Plaintiff now seeks summary judgment on the issue of Defendant's liability.

## II.  <u>LEGAL STANDARD</u>

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). To satisfy this burden, the movant must show the court that "there is an absence of evidence to support the nonmoving party's case." <u>Id.</u> at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts, and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). As Rule 56 explains, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). Therefore, the non-moving party "may not rest upon the mere allegations or denials in its pleadings" but instead must present "specific facts showing that there is a genuine issue for trial." <u>Walker v. Darby</u>, 911 F.2d 1573, 1576–77 (11th Cir. 1990). In deciding a summary-judgment motion, the Court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. <u>Davis v. Williams</u>, 451 F.3d 759, 763 (11th Cir. 2006).

## III.  <u>DISCUSSION</u>

As noted above, Plaintiff contends that Defendant's debt-collection letter to her was confusing and misleading, and thus violated the FDCPA. Defendant disputes Plaintiff's allegations, and also asserts an affirmative defense: that any mistake in the letter was the result of a bona fide error. Even assuming that Plaintiff has established each element of her claim under the FDCPA, Defendant has provided enough evidence to create a factual dispute on its affirmative defense. Plaintiff's request for summary judgment on the issue of liability therefore will be denied.

The FDCPA allows debt collectors to invoke "bona fide error" as an affirmative defense to a claim under the statute:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c). "A debt collector asserting the bona fide error defense must show . . . that its violation of the [FDCPA]: (1) was not intentional; (2) was a bona fide error; and (3) occurred despite the maintenance of procedures reasonably adapted to avoid any such error." <u>Edwards v. Niagara Credit Solutions, Inc.</u>, 584 F.3d 1350, 1352–53 (11th Cir. 2009).

Plaintiff argues that Defendant cannot succeed on the bona fide error defense because Defendant cannot satisfy the third element: that it maintained procedures reasonably adapted to avoid the error. Whether a defendant's procedures support a bona fide error defense is fact-intensive, two-step inquiry. <u>Owen v. I.C. Sys., Inc.</u>, 629 F.3d 1263, 1274 (11th Cir. 2011). "The first step is whether the debt collector 'maintained'—<u>i.e.</u>, actually employed or implemented—procedures to avoid errors. . . .

The second step is whether the procedures were 'reasonably adapted' to avoid the specific error at issue." Id. (internal quotation marks and citations omitted).

Defendant has provided a declaration from its Director, Randy Kovalsky, explaining the reason for the mistake on the debt-collection letter to Plaintiff and discussing Defendant's quality control procedures. See generally DE 19-1. Kovalsky represents that Defendant uses certain software to manage its collection activities. This software generates the debt-collection notices sent to each consumer. When the software generated the debt-collection letter to Plaintiff, Defendant was simultaneously deactivating two of Plaintiff's multiple accounts. The timing of these operations caused a computer error; Plaintiff's deactivated accounts and their balances were listed on the debt-collection letter, but the sum total on the letter did not include those balances. Kovalsky represents that the computer system is updated and tested nightly to avoid errors, and that Defendant runs other periodic quality reviews to ferret out system errors. Kovalsky also states that he is unaware of this particular error having ever before occurred during his 16 years of employment with Defendant.

The Court finds that Kovalsky's declaration regarding Defendant's periodic testing and review of its systems is sufficient to create a triable issue of fact regarding whether Defendant maintained procedures to avoid errors, and whether its procedures were reasonably adapted to avoid the specific software-related error in this case.[1] In

---

[1] The Court rejects Plaintiff's contention that Defendant cannot rely on Kovalsky's declaration because Defendant's prior interrogatory responses contained less factual detail regarding the quality-control procedures. Similarly, that Kovalsky discussed software provided by a third-party vendor—which vendor Defendant had not previously identified as a "person[] known to Defendant to have personal knowledge of any facts or issues involved in this lawsuit" in response to interrogatories—does not require the

other words, Defendant has shown the existence of a genuine factual dispute regarding the contested element of its bona fide error defense. Plaintiff therefore is not entitled to summary judgment on the issue of liability. See Isaac v. RMB, Inc., No. 12-2030, 2014 WL 1278096 at *11 (N.D. Ala. Mar. 27, 2014) (denying plaintiff's motion for summary judgment on liability where triable question remained on bona fide error defense), aff'd, 604 F. App'x 818 (11th Cir. 2015) (per curiam). It is accordingly

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment as to Liability [DE 18] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of August, 2015.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

---

Court to disregard the declaration at this time. This order does not preclude Plaintiff from filing a more fulsome motion in limine on the topic in advance of trial.